**Balbir SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71691.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 19, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Hector M. Roman, Jackson Heights, NY, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ—U.S. Department Of Justice, Washington, DC, for Respondent.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Balbir Singh, a native and citizen of India, petitions pro se for review of the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA adopted the IJ's decision in part and gave reasons of its own, we review both decisions. *See Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir. 2000). Reviewing for substantial evidence, *see id.,* we grant the petition for review, and remand for further proceedings.

■ The IJ's adverse credibility finding is not supported by substantial evidence. First, the IJ disbelieved Singh's testimony that he waited until April 13, 2000 to join the Akali Dal Mann political party because his sons were finally old enough (ages 13 and 11) to take over the work on his farm. The IJ found it inconceivable that two minor children could fairly be described as being able to take care of a farming business. This finding is based upon speculation and conjecture because nothing in the record suggests that the ages of Singh's sons precluded them from performing the agricultural work described by Singh. *See Shah v. INS,* 220 F.3d 1062, 1071 (9th Cir.2000).

■ The IJ reasoned that if Singh really knew the head of the Akali Dal Mann party personally, and had truly informed him of the arrests and beatings he had endured, the party would have taken some action to publicize these abuses. This finding is also based upon speculation and conjecture because nothing in the record suggests that a leader of a Sikh political party in India would necessarily engage in a public campaign against police abuses, and further, that the Indian and/or international media would necessarily report on such a campaign even if it did occur. *See Shah,* 220 F.3d at 1071.

■ The IJ suspected Singh's credibility because he testified at his hearing that he was beaten both on his feet and genitals during his third arrest, whereas in his application for asylum he stated only that he was beaten on his feet. However, "the mere omission of details is insufficient to uphold an adverse credibility finding." *Bandari v. INS,* 227 F.3d 1160, 1167 (9th Cir.2000) (holding asylum applicant's failure to identify specific instrument police used to beat him insufficient to support adverse credibility finding).

■ The IJ doubted Singh's account of traveling to and entering the United States because he testified that immigration officials in Canada and the United Kingdom did not require him to personally show his passport while passing through inspections. Once again, the IJ's disbelief improperly rests on speculation and conjecture as to the operation of customs enforcement in Canada and the UK. *See Shah,* 220 F.3d at 1071. Moreover, this testimony is peripheral to Singh's claim of persecution, and thus, cannot support the adverse credibility finding. *See Akinmade v. INS,* 196 F.3d 951, 956 (9th Cir.1999) (concluding that testimony surrounding travel and entry into the United States is "'incidental' to [petitioner's] claim of persecution") (citations omitted).

■ The IJ noted an inconsistency between Singh's testimony and his statements to an asylum officer regarding the dates he was active in the Akali Dal Mann party. However, there is no evidence of Singh's exchange with the asylum officer in the record, and so this inconsistency cannot support an adverse credibility determination. *See Singh v. Gonzales,* 403 F.3d 1081, 1089–90 (9th Cir.2005). Likewise, Singh's initially mistaken testimony that he joined the Akali Dal Mann party on November 13, 2000—which he quickly corrected to April 13, 2000—cannot support the IJ's adverse credibility finding. *See Bandari,* 227 F.3d at 1166 (alleged

inconsistency in dates that reveals nothing about a petitioner's credibility cannot form the basis of an adverse credibility finding).

The IJ questioned Singh's credibility because he did not produce contemporaneous medical records from the hospital that treated his alleged injuries. However, Singh did produce notes from his doctor confirming the dates and extent of his treatment. *See Sidhu v. INS,* 220 F.3d 1085, 1091 (9th Cir.2000) ("where an applicant produces credible corroborating evidence to buttress an aspect of his own testimony, an IJ may not base an adverse credibility determination on the applicant's failure to produce additional evidence that would further support that particular claim"). Similarly, the IJ improperly faulted Singh for failing to provide declarations corroborating his assertion that the Indian police arrested his family members after he came to the United States. *See id.* ("it is inappropriate to base an adverse credibility determination on an applicant's inability to obtain corroborating affidavits from relatives or acquaintances living outside of the United States-such corroboration is almost never easily available").

Finally, the IJ determined it was implausible that the police would have any interest in Singh because, according to state department reports, the Akali Dal Mann is a legal political party in India. However, this general conclusion about the legal status of the Akali Dal Mann political party cannot discredit Singh's specific account of abuse at the hands of the police. *See Shah,* 220 F.3d at 1069.

Accordingly, we grant the petition for review and remand to the BIA for further proceedings to determine whether, accepting Singh's testimony as credible, he is entitled to asylum, withholding of removal, and relief under the CAT. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**